# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

H-D USA LLC,

        Plaintiff,

v.

JULIE MAYO,
a/k/a Shelly LaRocca,
d/b/a West Coast Charms,
d/b/a 5th Avenue Pets,
d/b/a Charms From the Heart,

        Defendant.

Case No. 14-CV-654-JPS

**ORDER**

        Pursuant to the resolution of certain issues read into the record at the May 22, 2015, hearing before this Court, Plaintiff H-D U.S.A., LLC ("H-D") and Defendant Julie Mayo a/k/a Shelly LaRocca d/b/a West Coast Charms, d/b/a 5th Avenue Pets d/b/a Charms from the Heart (collectively, "Defendant") have stipulated and agreed, through their respective counsel, as follows, and **IT IS HEREBY ORDERED** that:

1.    The Default Judgment rendered by the Court on October 16, 2014 (the "Default Judgment Order") is hereby vacated with prejudice, except for the conversion of the permanent injunction contained in the Default Judgment Order into a stipulated permanent injunction as provided below in Paragraph 4 (Transcript of May 22, 2015 hearing ("May 22, 2015 Hr'g Tr.") lns 6:2-4);

2.    Defendant's Motion to Set Aside the Default Judgment (Dkt. 23) under Fed. R. Civ. P. 60(b)(4) and Fed. R. Civ. P. 60(b)(1) is withdrawn with prejudice (May 22, 2015 Hr'g Tr. 5:22-23);

3. Defendant submits to the Court's exercise of personal jurisdiction over Defendant for purposes of this action and Defendant will not challenge in the future this Court's exercise of personal jurisdiction over Defendant in this action (May 22, 2015 Hr'g Tr. 5:24 – 6:1);

4. Subject to the other provisions of this Order, Defendant is bound by the terms of the permanent injunction set forth in the Default Judgment Order, which permanent injunction by this Order is converted into a stipulated final judgment of permanent injunction (May 22, 2015 Hr'g Tr. 6:2-4);

5. Defendant admits that the sale of the Counterfeit Products (as defined in the Default Judgment Order) constitutes trademark infringement and trademark counterfeiting of the H-D Marks (as defined in the Default Judgment Order) under 15 U.S.C. § 1114 and § 1116; provided, however, that Defendant has the right to argue that she is not personally liable for such trademark infringement and counterfeiting and to argue the amount, if any, of statutory damages or other monetary relief that H-D may be entitled to, and further provided that the fact that Defendant has submitted to personal jurisdiction does not preclude her from arguing that she is not personally liable (May 22, 2015 Hr'g Tr. 6:18-7:3);

6. Pursuant to Paragraph 1 above, the statutory damages award granted in the Default Judgment Order is hereby vacated but without prejudice to any proceeding on the merits that H-D may pursue and H-D has the right to seek statutory damages and other monetary relief in this action; and Defendant has the right to defend against such relief sought by H-D (May 22, 2015 Hr'g Tr. 7:4-5);

7. The parties will submit to mediation before a Magistrate Judge of this Court (May 22, 2015 Hr'g Tr. 7:6-9), which is currently scheduled for July 27, 2015 (Dkt. 43);

8. Defendant will provide all information she has available regarding: (1) Shelly LaRocca and any other persons or entities that Defendant claims are responsible for the activity that is the subject of the complaint in this action, and (2) the sources of the Counterfeit Products (e.g. manufacturers, wholesalers, retailers, importers, distributors, etc.). Defendant shall provide as much of such information as possible to H-D by June 5, 2015, and Defendant will provide all other remaining information on a rolling basis, but prior to the July 27, 2015 mediation (May 22, 2015 Hr'g Tr. 7:10-21); and

9. H-D will cooperate to provide Defendant with access to historical emails from the domain names 5thavenuepets.com, westcoastcharms.com, charmsfromtheheart.net, norcalcharms.net, and norcalcharms.com (the "Transferred Domain Names"), and if any costs are necessary to obtain such access to historical emails, Defendant will pay all such costs. (May 22, 2015 Hr'g Tr. 8:15-24.) H-D provided information to Defendant on May 27, 2015 to enable Defendant to access historical emails from the Transferred Domain Names. H-D agrees to discuss at the July 27, 2015 mediation the possible transfer to Mayo of the Transferred Domain Names as part of a mutually acceptable resolution of the entire case. (May 22, 2015 Hr'g Tr. 8:24-9:2, 13:2-15.)

Dated at Milwaukee, Wisconsin, this 24th day of July, 2015.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge